IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW LEO FAISON,
    Plaintiff,

vs.                                      Case No.: 3:18cv158/MCR/EMT

P. GUERRA, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on January 24, 2018 (ECF No. 1).

    The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court which have been previously dismissed by the district court as frivolous and for failing to state a claim upon which relief may be granted.

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" was recently determined in another civil rights complaint he previously filed in this district, Case No. 3:04-cv-00027-RV-MD.  As provided in that case:

> The Court takes judicial notice of the following action brought by Plaintiff Faison in this Court which was dismissed as frivolous: Case Number 4:02cv157/WS.  Additionally, Plaintiff Faison's appeal in that case was dismissed as frivolous on December 23, 2002.  Moreover, the Court takes judicial notice of the following prisoner actions filed by Plaintiff Faison in the Middle District of Florida which were dismissed because he lied under penalty of perjury about the existence of prior lawsuits:  Case Numbers 99-59-Civ-J-20C; 99-1085-Civ-J-20A; 99-1114-Civ-J-21B; 3:00cv148-J-20A; and 3:02cv748-J-25TEM.  The Eleventh Circuit has recognized that a dismissal for lying under penalty of perjury about prior lawsuits "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).
>
> By the time Plaintiff Faison brought the instant action, he was aware that he had three strikes and could not proceed in forma pauperis.  Plaintiff Faison's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.  Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff Faison is not entitled to proceed in forma pauperis, he must be dismissed from this case under § 1915(g).

Case No. 3:04-cv-00027-RV-MD, ECF No. 10 at 2 (Report and Recommendation, adopted by court and judgment entered on March 16, 2004 (ECF

Nos. 12, 13). Thus, Plaintiff's status as a "three striker" has already been recognized by this court.[1]

In the instant complaint, Plaintiff makes claims that his works of poetry and/or songs have been subjected to copyright infringement, for which he sues another song/poetry composer and officials at the Library of Congress.

In apparent recognition of the three strikes issue, Plaintiff asserts that he is able to meet the "imminent injury" exception that is provided in Section 1915(g). A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he is under imminent danger of serious physical injury, which the court must determine from the complaint. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

[1] Additionally, Case No. 5:09cv404-RS-AK, which Plaintiff filed in this court in 2009, was also dismissed by the court under the same three strikes provision.

The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

    In the instant case, Plaintiff clearly does not show that he is facing a likelihood of imminent serious *physical* injury. A violation of a copyright does not amount to physical injury and therefore does not meet the standard.

Case No.: 3:18cv158/MCR/EMT

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis.  Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed.  Leave should not be provided to allow him to pay the fee.  Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, his failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED:**

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 16th day of February 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:18cv158/MCR/EMT